# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| TELEBRANDS CORP., <br><br> Plaintiff, <br><br> v. <br><br> ALTAIR INSTRUMENTS, INC., <br><br> Defendant. | Civil Action No. <br><br> 18-16234 (SDW) (LDW) <br><br><br> **MEMORANDUM OPINION AND REPORT AND RECOMMENDATION** |

**LEDA DUNN WETTRE, United States Magistrate Judge**

Before the Court are defendant's motion to dismiss the complaint or, alternatively, to transfer venue to the Central District of California (ECF No. 19) and plaintiff's motion for leave to file an amended complaint (ECF No. 43). The Honorable Susan D. Wigenton, U.S.D.J., referred the motion to dismiss to the undersigned for a Report and Recommendation; as the motion to amend also raises issues related to personal jurisdiction, the Court will address the motions in tandem. The Court heard oral argument on the motion to dismiss and the motion to amend on May 13, 2019. The parties then asked the Court to stay decision on the motions while they pursued mediation. (ECF No. 55). As their mediation efforts were unsuccessful, the motions are now ripe for disposition. Having considered the parties' arguments and the written submissions at ECF Nos. 19, 25, 26, 28, 29, 30, 34, 35, 43, 45, and 49, and for good cause shown, the Court recommends that the motion to dismiss for lack of personal jurisdiction be **GRANTED**. The motion to transfer venue and motion to amend are therefore **DENIED AS MOOT**.[1]

---

[1] Only the motion to dismiss for lack of personal jurisdiction is dispositive and subject to resolution in a Report and Recommendation pursuant to Local Civil Rule 72.1(a)(2).

## I. BACKGROUND

In a complaint dated November 16, 2018, plaintiff Telebrands Corp. seeks a declaratory judgment that its DermaSuction product does not infringe defendant Altair Instruments, Inc.'s U.S. Patent No. 6,241,739 (the "'739 Patent") entitled "Microdermabrasion Device and Method of Treating the Skin Surface." (Compl. ¶¶ 1, 10, 11, ECF No. 1). Plaintiff is a New Jersey corporation with its principal place of business in Fairfield, New Jersey. (*Id.* ¶ 2). Defendant is a California corporation with its principal place of business in Ventura, California. (*Id.* ¶ 3; Walker Decl. ¶ 2, ECF No. 19-3). Defendant has no offices, real property, or employees in New Jersey, is not licensed to do business in New Jersey, and does not have an agent for service of process in New Jersey. (Walker Decl. ¶¶ 4-5). Defendant has not initiated any lawsuits in New Jersey and has not granted any license authorizing any other entity to enforce the '739 Patent. (*Id.* ¶¶ 7-8).

On October 10, 2018, counsel for Altair sent Telebrands a cease and desist letter alleging that the DermaSuction product infringed several claims of the '739 Patent. (Compl. ¶ 14, Ex. 2). The parties then corresponded about the possibility of re-designing the DermaSuction product to avoid potential patent infringement liability. (Oines Decl., Exs. 5-10, ECF No. 19-2). Instead, approximately one month after receiving the cease and desist letter, Telebrands filed the instant declaratory judgment action. On December 17, 2018, Altair filed an essentially identical patent infringement suit against Telebrands in the Central District of California, the court in which it has litigated a number of other actions related to the '739 Patent. (*Id.* ¶¶ 3, 15, Ex. 11).

On January 4, 2019, defendant filed the instant motion to dismiss for lack of personal jurisdiction pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure. (ECF No. 19). Defendant also urges the Court to decline to exercise jurisdiction over the declaratory judgment action because Telebrands allegedly filed it in anticipation of the California patent infringement

lawsuit to avoid litigating in a forum where Altair has successfully pursued other accused infringers of the '739 Patent. (*Id.*). In the alternative, defendant asks the Court to transfer this action to the Central District of California. (*Id.*). However, on February 27, 2019, while the motion to dismiss was *sub judice*, the Honorable Manuel L. Real, United States District Judge for the Central District of California, granted Telebrands' motion to transfer the second-filed patent infringement action from California to the District of New Jersey pursuant to the first-to-file rule. (ECF No. 34-1). The transferred patent infringement action, *Altair Instruments, Inc. v. Telebrands Corp.*, No. 19-cv-7452 (SDW), has been stayed pending the outcome of this motion to dismiss.

Following an unsuccessful settlement conference on March 14, 2019, while the fully briefed motion to dismiss for lack of personal jurisdiction was still pending, plaintiff filed a motion for leave to file an amended complaint. (ECF No. 43). In addition to the declaratory judgment of non-infringement, plaintiff seeks to add claims for Lanham Act false advertising, false patent marking, and unfair competition in violation of New Jersey statute and common law relating to defendant's alleged marking of its DiamondTome Lymphatic Massage Wand product ("Lymphatic Wand") with the '739 patent. (Proposed Am. Compl. ¶¶ 19-24, ECF No. 43-2).

The Court has attempted to resolve the parties' jurisdictional standoff by way of agreement, so that the DermaSuction patent infringement and declaratory judgment of non-infringement claims, as well as the Lymphatic Wand claims in plaintiff's proposed amended complaint, could proceed in a single action either in this district or in California. The parties could not agree to litigate their disputes efficiently in a negotiated forum, so the Court proceeds to the pending motions.

## II. ANALYSIS

### A. Personal Jurisdiction

This Court applies the law of the Federal Circuit to determine whether personal jurisdiction over defendant exists in New Jersey. *See Breckenridge Pharma., Inc. v. Metabolite Labs., Inc.*, 444 F.3d 1356, 1361 (Fed Cir. 2006) ("The issue of personal jurisdiction in a declaratory action for non-infringement is 'intimately related to patent law' and thus governed by Federal Circuit law regarding due process."). Where, as here, the parties have not yet begun discovery, plaintiff must make only a prima facie showing that the court can exercise personal jurisdiction over a defendant. *Autogenomics, Inc. v. Oxford Gene Tech. Ltd.*, 566 F.3d 1012, 1017 (Fed. Cir. 2009). Under a prima facie standard, "the pleadings and affidavits are to be construed in the light most favorable" to plaintiff and any factual disputes are resolved in plaintiff's favor. *Id.*

"Determining whether personal jurisdiction exists over an out-of-state defendant involves two inquiries: whether a forum state's long-arm statute permits service of process, and whether the assertion of personal jurisdiction would violate due process." *Inamed Corp. v. Kuzmak*, 249 F.3d 1356, 1359 (Fed. Cir. 2001). New Jersey's long-arm statute permits the exercise of jurisdiction over non-residents "'to the uttermost limits permitted by the United States Constitution.'" *Charles Gendler & Co., Inc. v. Telecom Equip. Corp.*, 102 N.J. 460, 469 (1986) (quoting *Avdel Corp. v. Mecure*, 58 N.J. 264, 268 (1971)). Therefore, the Court's "jurisdictional analysis collapses into a single determination of whether the exercise of personal jurisdiction comports with due process." *Avocent Huntsville Corp. v. Aten Int'l Co., Ltd.*, 552 F.3d 1324, 1329 (Fed. Cir. 2008). Due process, in turn, requires that the defendant have "certain minimum contacts with [the forum] such that the maintenance of the suit does not offend traditional notions of fair

4

play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (internal quotation omitted).

The Court can assert either general or specific jurisdiction over a defendant that has minimum contacts with the forum. *Avocent*, 552 F.3d at 1330. Plaintiff focuses its argument solely on general jurisdiction.[2] "A court may assert general jurisdiction over foreign (sister-state or foreign-country) corporations to hear any and all claims against them when their affiliations with the State are so 'continuous and systematic' as to render them essentially at home in the forum State." *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011). In all but "exceptional case[s]," a corporation is "essentially at home" and thus subject to general jurisdiction in its state of incorporation and its principal place of business. *Daimler AG v. Bauman*, 571 U.S. 117, 139 n.19 (2014).

As Altair is a California corporation with its principal place of business in California, plaintiff faces an uphill battle to show that this is the exceptional case where a foreign corporation has such extensive affiliations with New Jersey that this Court can hear any and all claims against it. Defendant has no employees, offices, real property, business license, or agent for service of process in New Jersey. *See Senju Pharma. Co., Ltd. v. Metrics, Inc.*, 96 F. Supp. 3d 428, 441 (D.N.J. 2015) (applying *Daimler* and Federal Circuit law in determining that there was no personal jurisdiction in patent infringement action over foreign defendant that "is not registered to do business in the state and does not have an agent appointed to accept service in the state. There is

---

[2] *See* Telebrands' Memorandum of Law in Opposition to Defendant's Motion to Dismiss the Complaint at 14 n.4, ECF No. 25 (stating that plaintiff "need not address specific jurisdiction. . . . For the purposes of this motion, Telebrands relies on general jurisdiction"). At oral argument, plaintiff seemed to assert for the first time that the Court can exert specific jurisdiction over the declaratory judgment claim. However, the Court declines to consider new grounds for jurisdiction plaintiff did not raise, and indeed explicitly disclaimed, in its briefing.

5

no allegation that Defendant has any employees, agents, or bank accounts in New Jersey, or that it solicits business or advertises in the state"). Instead, Plaintiff argues that the Court may exercise general jurisdiction based on the fact that defendant sells its products to customers in New Jersey via the internet and a network of 23 New Jersey "distributors." *See* Compl. ¶ 7; Maldonado Decl., Ex. 11, ECF No. 25-12. Plaintiff further offers evidence of one sale of an Altair product in the forum – specifically, it retained an investigator to purchase a Lymphatic Wand on Altair's website for shipment to her home in New Jersey. *See* Benthin Decl. ¶ 4, ECF No. 27-1.

The Supreme Court has rejected the proposition that even a "substantial, continuous, and systematic course of business" in the forum state is sufficient to confer general jurisdiction over a foreign corporation. *Daimler*, 571 U.S. at 138 (quotation omitted); *see Goodyear*, 564 U.S. at 929 (criticizing "the sprawling view of general jurisdiction" whereby "any substantial manufacturer or seller of goods would be amenable to suit, on any claim for relief, wherever its products are distributed"). Here, plaintiff has established, at best, sporadic sales of defendant's products in New Jersey. The complaint characterizes defendant as having a network of "distributors" in New Jersey. However, screenshots of Altair's website submitted by plaintiff show that the network of "distributors" is in fact a list of 23 "practitioners" located in New Jersey, including spas, salons, and cosmetic surgeons, who perform treatments using Altair products. *See* Maldonado Decl., Ex. 11; Walker Decl. ¶ 2, ECF No. 28-3. It follows that each of those 23 practitioners must have purchased at least one product from defendant, but any further distribution of Altair's products in New Jersey is speculative. Defendant also has put forth undisputed evidence that no employee "acting on behalf of Altair has traveled to New Jersey to provide training, in-person or post-sale maintenance, or other services for any Altair product." Walker Decl. ¶ 3. Taken together, and in the light most favorable to plaintiff, the pleadings and exhibits establish sales to 24 customers in

6

the forum state (including plaintiff's own investigator) generating unknown revenues over an unspecified period of time. This is far short of the "systematic course of business" the Supreme Court found to be unacceptable in *Daimler*, and certainly does not establish affiliations with the forum so significant as to render defendant at home in New Jersey. *See Helicopteros Nacionales de Columbia, S.A. v. Hall*, 466 U.S. 408, 418 (1984) ("[M]ere purchases, even if occurring at regular intervals, are not enough to warrant a State's assertion of [general] jurisdiction over a nonresident corporation in a cause of action not related to those purchase transactions."); *Campbell v. Fast Retailing USA, Inc.*, Civ. A. No. 14-6752, 2015 WL 9302847, at *3 (E.D. Pa. Dec. 22, 2015) (finding that after *Daimler* "[t]he allegation that an entity transacts business, even substantial business, in Pennsylvania is insufficient to establish that it is essentially 'at home' in Pennsylvania"); *Atlantis Hydroponics, Inc. v. Int'l Growers Supply, Inc.*, 915 F. Supp. 2d 1365, 1375-76 (N.D. Ga. 2013) (applying Federal Circuit law and finding no general jurisdiction over California corporate defendant even though defendant's website advertised dozens of dealers who sold defendant's products in the forum state); *see also AstraZeneca AB v. Mylan Pharma., Inc.*, 72 F. Supp. 3d 549, 554 (D. Del. 2014) (defendant in patent infringement suit not subject to general jurisdiction even though it "is registered to do business in Delaware and has a broad network of third-party contacts within the state" because "[s]uch allegations fail to show activity comparable to domestic enterprise in Delaware" (quotation and alteration omitted)).

Furthermore, the Federal Circuit has refused to assert general jurisdiction based on a website that is available to customers anywhere there is an internet connection. *Campbell Pet Co. v. Miale*, 542 F.3d 879, 884 (Fed. Cir. 2008). To do so would render a company that makes information or products available on the internet subject to the jurisdiction of any federal court nationwide. *Id.* As in *Campbell Pet*, plaintiff has put forth no evidence or allegations that Altair's

7

website specifically targets New Jersey residents, and "[t]he ability of forum residents to access the defendants' websites does not by itself show any persistent course of conduct by the defendants in the forum" necessary to establish general jurisdiction. *Id.* (internal quotation and alterations omitted)); *see Hockerson-Halberstadt, Inc. v. Propet USA, Inc.*, 62 F. App'x 322, 337 (Fed Cir. 2003) (affirming district court's holding that it could not exercise general jurisdiction where "Costco's only contact with Louisiana is its website"). *Compare UHS of Delaware, Inc. v. United Health Servs., Inc.*, Civ. A. No. 12-485, 2013 WL 12086321, at *8 n.6 (M.D. Pa. Mar. 26, 2013) ("Generally speaking, Internet contacts, standing alone, will not constitute the substantial, continuous, and systematic contacts required for general jurisdiction. Today it is common, if not expected, that businesses maintain web sites, often with interactive capabilities through which customers can communicate with the businesses to review and, presumptively, to obtain certain products or services. If courts predicated general jurisdiction on Internet presence alone, most businesses would be subject to personal jurisdiction in every forum.").

Having failed at this stage of the proceedings to adduce grounds for the Court's exercise of general jurisdiction, plaintiff requests the opportunity to take jurisdictional discovery. A plaintiff is entitled to jurisdictional discovery where it "presents factual allegations that suggest with reasonable particularity the possible existence of the requisite contacts between [defendant] and the forum state." *Toys "R" Us, Inc. v. Step Two, S.A.*, 318 F.3d 446, 456 (3d Cir. 2003) (internal quotations omitted). Plaintiff disclaims any reliance on the theory of specific jurisdiction with respect to its declaratory judgment claim and has given the Court no reason to believe that discovery could unearth evidence supporting the exercise of general jurisdiction in New Jersey. Even if, as plaintiff posits, the 23 New Jersey practitioners and website generate substantial revenues for Altair in the forum state, such sales activity does not constitute the type of "continuous

8

and systematic" affiliation required to subject a defendant to general jurisdiction. *See Daimler*, 571 U.S. at 158 (Sotomayor, J., concurring) ("[T]he majority holds today that Daimler is not subject to general jurisdiction in California despite its multiple offices, continuous operations, and billions of dollars' worth of sales there."). Thus, jurisdictional discovery regarding the volume of Altair's product sales in New Jersey appears to be futile, and the request for discovery is unsupported by any allegations having the requisite particularity to suggest otherwise. *See Barth v. Walt Disney Parks & Resorts U.S., Inc.*, 697 F. App'x 119, 120 (3d Cir. 2017) ("Because neither Defendant was incorporated or had its principal place of business in Pennsylvania, [plaintiffs] were unable to establish either of the paradigmatic bases for [general] personal jurisdiction under *Goodyear* and *Daimler AG*. Nor did the [plaintiffs] establish that this was an 'exceptional' case such that the place of incorporation/principal place of business rule should be disregarded. . . . [B]ased on this record, we agree with the District Court that jurisdictional discovery would have been futile."); *Hockerson-Halberstadt*, 62 F. App'x at 338 ("When the lack of personal jurisdictional is clear, like in this case, further discovery serves no purpose and should be denied.").

Having determined that this Court lacks personal jurisdiction over Altair, the Court need not reach defendant's alternative argument that it should decline declaratory judgment jurisdiction. Nor need it consider whether transfer to the Central District of California pursuant to 28 U.S.C. § 1404(a), over plaintiff's objection, is warranted.[3] As the Court recommends granting defendant the primary relief it seeks, further motions and arguments presented in the alternative are moot.

---

[3] The decision to effect a § 1404(a) transfer rests within the "large discretion" of the district court. *Solomon v. Continental Am. Life Ins. Co.*, 472 F.2d 1043, 1045 (3d Cir. 1973). The Court notes that the unusual procedural posture of this case strongly militates against transfer, and plaintiff does not consent to proceed in California. Defendant urges the Court to transfer the declaratory judgment action to California because Judge Real has presided over a number of other cases involving the '739 Patent and can apply his institutional knowledge of the Patent to this dispute. That argument might have some weight had Judge Real not already decided to transfer the second-

9

### B. The Proposed Amended Complaint Does Not Cure The Jurisdictional Defect

Having recommended that the declaratory judgment complaint as currently styled be dismissed for lack of personal jurisdiction, the Court would normally conclude its analysis. However, after the motion to dismiss was fully briefed, plaintiff sought leave to file an amended complaint that purportedly provides additional grounds for the Court to exercise personal jurisdiction over defendant. After careful review, the Court concludes that the proposed amended complaint does not make a prima facie showing of general or specific jurisdiction over Altair in New Jersey.

As an initial matter, the Court assumes without deciding that the proposed amendment would otherwise satisfy Rule 15(a)(2) of the Federal Rules of Civil Procedure – *i.e.* that there is no undue delay, bad faith, or prejudice to defendant, and the proposed amendment complaint would withstand a motion to dismiss for failure to state a claim. *See Foman v. Davis*, 371 U.S. 178, 182 (1962). It therefore solely focuses on whether the proposed amended pleading rectifies the lack of personal jurisdiction as the action currently stands.

The Court has already determined that even a substantial amount of sales through defendant's website and in-state practitioners would not establish general jurisdiction over Altair

---

filed patent infringement action from California to this district. *But see PharmaNet, Inc. v. Datasci Ltd. Liab. Co.*, Civ. A. No. 08-2965, 2009 WL 396180, at *16 (D.N.J. Feb. 17, 2009) ("The fact that a Judge of [another] Court has presided over cases concerning the '827 Patent in the past does not dictate that all litigation pertaining to this patent must be adjudicated by him."). The transfer defendant proposes would achieve nothing but a judicial case swap, a minor victory in the forum battle the parties insist on waging. The Court is hard pressed to understand how such a trade would achieve anything other than wasted judicial effort and client money; the parties would be in the exact same position as they were originally – litigating the identical patent infringement issue in two courts on opposite coasts – but with each party as the defendant in its home state. Sending the first-filed declaratory judgment action to California after Judge Real transferred the second-filed, mirror-image patent infringement action to this district on the basis of the first-to-file rule is a demonstrably absurd outcome that would not further the interests of justice.

10

in New Jersey. This analysis applies with equal force to jurisdiction over the proposed amended Lymphatic Wand claims. Thus, the Court looks to the proposed amended complaint solely to determine if there is any basis for the exercise of specific jurisdiction over the proposed amended claims such that the parties can procced to litigate here. If the proposed amended complaint does not cure the original complaint's jurisdictional defect, this Court cannot entertain plaintiff's proposed amended claims.

The Court may assert specific jurisdiction over a defendant when the plaintiff's claim "'aris[es] out of or relate[s] to the defendant's contacts with the forum.'" *Daimler*, 571 U.S. at 127 (quoting *Helicopteros*, 466 U.S. at 414 n.8). The Third Circuit[4] has laid out a three-part test to determine whether specific jurisdiction exists: (1) "the defendant must have purposefully directed [its] activities at the forum"; (2) "the litigation must arise out of or relate to at least one of those activities"; and (3) if the first two requirements are met, the exercise of jurisdiction must "otherwise comport[] with fair play and substantial justice." *O'Connor v. Sandy Lane Hotel Co., Ltd.*, 496 F.3d 312, 317 (3d Cir. 2007) (quotations omitted).

Plaintiff argues that the Court can exert specific jurisdiction over the proposed amended claims because defendant offers its Lymphatic Wand product for sale nationally via its website, and its investigator purchased one such Lymphatic Wand online and had it shipped to New Jersey. It is true that defendant advertises various products for sale on the internet, but "the mere operation

---

[4] "Where a suit involves both patent and non-patent claims, Federal Circuit law regarding due process also applies to the question of personal jurisdiction on non-patent claims if the resolution of the patent infringement issue will be a significant factor in determining liability under the non-patent claims." *Breckenridge Pharma.*, 444 F.3d at 1361 (quotation omitted). As the proposed Lymphatic Wand false advertising, false patent marking, and unfair competition claims bear no relation to whether the DermaSuction product infringes the '739 Patent, the Court applies Third Circuit law in determining specific jurisdiction over the proposed amended claims. Again, plaintiff has not argued that the Court can exert specific jurisdiction over the declaratory judgment claim.

11

of a commercially interactive web site should not subject the operator to jurisdiction anywhere in the world. Rather, there must be evidence that the defendant 'purposefully availed' itself of conducting activity in the forum state, by directly targeting its web site to the state, knowingly interacting with residents of the forum state via its web site, or through sufficient other related contacts." *Toys "R" Us*, 318 F.3d at 454. Indeed, to establish purposeful availment in the internet context, "[c]ourts within the Third Circuit have traditionally required 'something more' from defendants than the knowledge that their website could be viewed or that their product could be used in a forum state before considering whether specific jurisdiction is proper." *Kloth v. Southern Christian Univ.*, 494 F. Supp. 2d 273, 279 (D. Del. 2007), *aff'd*, 320 F. App'x 113 (3d Cir. 2008) (per curiam).

As discussed previously, plaintiff offers no allegations or evidence from which the Court could conclude that defendant's website specifically targets New Jersey or its residents. Instead, plaintiff argues that defendant knowingly interacted with a resident of New Jersey by fulfilling the investigator's purchase order for a Lymphatic Wand. However, Altair's CEO affirms that he reviewed defendant's business records and "the one Lymphatic Wand that was sent to Plaintiff's investigator is the only Lymphatic Wand Altair has ever sent to New Jersey." Walker Decl. ¶ 12, ECF No. 45-1. In other words, the only reason defendant sold a Lymphatic Wand in New Jersey is because plaintiff – who was locked in a forum stalemate and facing a motion to dismiss for lack of personal jurisdiction – hired an investigator to purchase one for litigation purposes. Such unilateral, tactical action by a plaintiff cannot form the basis of personal jurisdiction as it does not evidence defendant's purposeful availment of the benefit of doing business in New Jersey. *See, e.g., Covenant Bank for Savings v. Cohen*, 806 F. Supp. 52, 55 (D.N.J. 1992) ("[A] resident plaintiff's unilateral acts, directed to a nonresident defendant, do not create sufficient minimum

contacts between the nonresident defendant and the forum, even where the plaintiff's claim arises out of these acts."); *see also ISI Brands, Inc. v. KCC Int'l, Inc.*, 458 F. Supp. 2d 81, 88-89 (E.D.N.Y. 2006) (plaintiff's own internet purchases of allegedly infringing product "were nothing more than an attempt by plaintiff to manufacture a contact with this forum. It was the acts of [plaintiff] that brought the infringing product into the forum, not [defendant's] promotion, advertising, or sales activities" (quotations omitted)); *Mattel, Inc. v. Anderson*, Civ. A. No. 04-5275, 2005 WL 1690528, at *2 (S.D.N.Y. July 18, 2005) ("[T]he Court finds Defendant's single shipment of goods into this district insufficient to establish personal jurisdiction since it was nothing more than an attempt by plaintiff to manufacture a contact with this forum. . . . Defendant cannot be said to have 'purposefully' availed herself of the protections of this forum when it was an act of someone associated with plaintiff, rather than her web site advertising, that brought her products into this forum." (quotation and alterations omitted)); *Millennium Enters., Inc. v. Millennium Music, LP*, 33 F. Supp. 2d 907, 911 (D. Or. 1999) (no specific jurisdiction where only internet sale of allegedly infringing product in the forum was made to plaintiff's agent for litigation purposes).

Finally, as defendant has, for all intents and purposes, already produced information quantifying the sum total of its New Jersey sales of the Lymphatic Wand product at issue, further jurisdictional discovery would be fruitless. Nor will the Court authorize plaintiff to engage in a belated effort to discover defendant's sales of any other products in New Jersey in an attempt to salvage jurisdiction. *See IBI Brands*, 458 F. Supp. 2d at 89 (denying jurisdictional discovery where plaintiff could only speculate that defendant sold additional products in forum via its website that might establish jurisdiction). Having determined that neither the original complaint nor the proposed amended complaint pleads facts supporting the exercise of general or specific personal

jurisdiction over defendant in New Jersey, the Court declines to consider defendant's additional argument that the proposed false advertising, false patent marking, and unfair competition allegations are futile for failure to state a claim.

## III. CONCLUSION

For the foregoing reasons, the Court recommends that defendant's motion to dismiss for lack of personal jurisdiction be **GRANTED**. The motion to transfer and the motion for leave to file an amended complaint are **DENIED AS MOOT**. The parties are hereby advised that, pursuant to Rule 72(b)(2) of the Federal Rules of Civil Procedure, they have 14 days to serve and file specific objections to the portion of this Order constituting a Report and Recommendation to the Honorable Susan D. Wigenton, U.S.D.J.

Dated:	August 13, 2019

*Leda Dunn Wettre*
Hon. Leda Dunn Wettre
United States Magistrate Judge

Original:	Clerk of Court
cc:	Hon. Susan D. Wigenton, U.S.D.J.
	All parties